SHORES, Justice.
This is an appeal from a decree clearing title to a piece of land. The appellant appears pro se.
The record discloses the following:
Clayton B. Jewell died on June 23, 1980. He was the father of Virgil Howard Jewell and the husband of Carrie Mae Jewell. Thus, Carrie Mae Jewell is Virgil Howard Jewell’s stepmother.
Before Clayton married Carrie Mae Jewell and before his wife, Virgil’s mother, died, Virgil built on land owned by his father and mother, but deeded to him, a house for his parents to live in. His mother died before it was finished. His father moved into the house and when he was married again, to Carrie Mae, the two of them continued to live there. Mr. Jewell paid his son rent for a time and when his son decided to leave the state, they agreed that the rent payments would be equal to the mortgage payments, and that the father would pay the monthly payments directly to the mortgagee.
Sometime later, the house and lot were deeded to Clayton and Carrie Mae Jewell, as joint tenants with right of survivorship. This deed was executed by Virgil Howard Jewell’s wife, Barbara Jewell, acting under a power of attorney executed by Virgil Howard Jewell. The senior Jewells continued to make mortgage payments, and when Carrie Mae inherited $6,000 from her father, that amount was applied to the mortgage, and the same has now been satisfied.
After Clayton Jewell died, Virgil Howard Jewell brought an action which sought to have the deed set aside on the grounds of fraud and undue influence. Carrie Mae Jewell filed a counter claim which sought to have any cloud on the title removed and title to the land vested in her, free of all liens or claims by anyone. Virgil Howard Jewell filed several documents in the trial court, all of which were consolidated, and the case was set for trial on November 9, 1981, by order of the court entered on August 28, 1981. Virgil Howard Jewell was notified that the case was set for trial on that date, but he did not appear, either personally or by counsel. He has indicated that he is an inmate in the federal penitentiary and is an indigent. After a hearing held on the date set for trial, the trial court entered its decree vesting title in Carrie *844 Mae Jewell. Virgil Howard Jewell appeals. We affirm.
Mr. Jewell’s single argument seems to be an assertion that the trial court erred in not continuing the case until he could be present. He says he is scheduled for a parole in November of 1983. We cannot reverse the trial court for not continuing this case. No motion for continuance was made, and the appellant instigated the litigation. His complaint did cast a cloud on the title to this property, which the trial court had every right to address on the merits. Mr. Jewell never asked for a new trial. He filed a law suit which remained pending for approximately one year. He had actual knowledge that the case had been set for trial for more than two months. He cannot complain that the trial court disposed of this case on the merits, simply because he was incarcerated in the penitentiary.
We do notice that the record contains several statements by way of affidavits from family members and from Virgil’s former wife, which support his side of the case, factually. However, there was evidence which supports Carrie Mae Jewell’s side of the case. Therefore, the trial court’s conclusion is supported by some evidence, which prevents our reversing its decision. Leslie v. Pine Crest Homes, Inc., 388 So.2d 178 (Ala. 1980).
The judgment of the trial court is affirmed.
AFFIRMED.
MADDOX, JONES and BEATTY, JJ., concur.
TORBERT, C.J., concurs in the result.